PLATT. The JAMES. See Case No. 7,199.

PLATTE CITY (BRITTON v.). See Case No. 1,907.

PLATTSBURG (JUDSON v.). See Case No. 7,570.

## Case No. 11,223.

PLAYER v. LIPPINCOTT et al.

[4 Dill. 124;[1] 5 Cent. Law J. 323; 25 Pittsb. Leg. J. 48.]

Circuit Court, E. D. Missouri. Sept. Term, 1877.[2]

BANKRUPT ACT—PREFERENCE—EXCHANGE OF SECURITIES.

The substitution and registry of a chattel mortgage, correcting a mistake in a prior unrecorded mortgage, is not an illegal preference, but simply an exchange of securities, and falls within the rule laid down in Sawyer v. Turpin, 91 U. S. 114.

[Appeal from the district court of the United States for the Eastern district of Missouri.]

The plaintiff [Preston Player] is the assignee in bankruptcy of Benjamin R. Lippincott, and brought this suit to set aside a chattel mortgage, dated November 15th, 1876, recorded November 18th of the same year, executed by the bankrupt to the defendants. On final hearing the bill was dismissed by the district court, and the assignee appeals. The facts are stated more at large, and the opinion of the district court is reported, in [Case No. 11,224]; and in the subjoined note.

G. M. Stewart, for appellant, the assignee.

E. T. Allen, for appellees, the mortgagees.

DILLON, Circuit Judge. I find, from the proofs, that the mortgage of August 28th was actually delivered; that there was no agreement that it was not to be recorded or kept secret, and that there was no understanding that the mortgagor might sell the property mortgaged in the usual way. I further find that the mortgage was given to secure a bona fide debt, and that it was not made or taken in contravention of the bankrupt act. It contained a clerical error as to the amount of the note secured thereby, and for that reason the second mortgage on the same property was executed and acknowledged, November 15th, and recorded November 18th. The petition in bankruptcy was filed within two months after the execution and recording of the corrected and substituted mortgage, but more than four months after the execution of the first mortgage. No possession was taken under either mortgage.

The statute of Missouri (1 Wag. St. 281, § 8) is not essentially different, in the respect here involved, from the statute of Massachusetts; and I am of opinion that the district judge was clearly right in considering this case as governed by the judgment of the supreme court in Sawyer v. Turpin, 91 U. S. 114. I can perceive no solid grounds on which to distinguish them. The mortgagee's security, upon the facts in the case, dates from the execution of the original mortgage, which was more than four months before the commencement of the proceedings in bankruptcy. Affirmed.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Affirming Case No. 11,224.]